UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv255-RJC

| | |
|---|---|
| SHAWN DUPREE CORPENING, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ALVIN KELLER, Secretary of the )<br>Department of Correction )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court upon Petitioner Shawn Dupree Corpening's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1); Respondent Alvin Keller's Answer and Motion for Summary Judgment with accompanying brief (Doc. Nos. 3, 4, and 5); and Petitioner's Opposition (Doc. No. 8).

I.  FACTUAL SUMMARY

The North Carolina Court of Appeals summarized the facts as follows:

In November 2006, Officer Josh Biddix ("Officer Biddix") of the Asheville Police Department ("Police Department"), along with other officers from nearby municipalities as well as Buncombe County, worked a second job with the Asheville Housing Authority ("Housing Authority"). Officer Biddix's duties for the Housing Authority included responding to calls and performing general law enforcement activities on various Housing Authority properties. Officer Biddix and the other officers regularly conducted license and registration checkpoints at the entrances to Housing Authority properties pursuant to procedures established by the Police Department.

On 8 November 2006, Officer Biddix was assisting with a checkpoint at entrances to the Pisgah View apartments, a Housing Authority property. At approximately 8:35 p.m. on 8 November 2006, Officer Biddix and other officers operating the checkpoint observed a white Toyota Avalon, driven by defendant, approach the checkpoint, pull over, and park on the left side of the road, approximately 100 to 200 feet prior to reaching the checkpoint. Defendant parked in front of a house

before entering the Housing Authority's property, and he sat alone in the car for approximately thirty to forty-five seconds. During this time, defendant did not do anything inside the car, defendant did not exit the car, and no one approached the car.

Officer Biddix "recognized this as strange" and approached defendant's vehicle, and, when he did, he smelled the odor of marijuana coming from the vehicle. Officer Biddix then instructed defendant to exit the vehicle and Officer Biddix conducted a pat-down search of defendant's person. Officer Biddix found approximately $600.00 in cash on defendant's person. Officer Biddix then searched the center console of the vehicle and found several "baggies" with white residue on them. Sergeant Michael Dykes ("Sergeant Dykes") of the Woodfin Police Department also was assisting with the checkpoint that night, and he found a camouflage jacket in the front passenger seat of the vehicle. Inside the pocket of the jacket, Sergeant Dykes found a bag of what he believed to be crack cocaine.

Upon discovering that defendant's license had been revoked, defendant was cited for driving while his license was revoked and possession of drug paraphernalia. Defendant later was indicted for possession with intent to sell or deliver a Schedule II controlled substance. On 7 January 2008, defendant filed a motion to suppress which the trial court subsequently denied. On 9 January 2008, a jury found defendant guilty of possession with intent to manufacture, sell and deliver a Schedule II controlled substance and guilty of obtaining the status of an habitual felon. Upon the jury's verdict, the trial court entered a judgment and commitment sentencing defendant within the presumptive range for a prior record level III habitual felon to 116 to 149 months imprisonment for possession with intent to manufacture, sell and deliver a Schedule II controlled substance.

State v. Corpening, 200 N.C. App. 311 (N.C. App. 2009).

## II.   PROCEDURAL HISTORY

On January 9, 2008, Petitioner was convicted after trial by jury of possession with intent to manufacture, sell and deliver cocaine, having achieved the status of habitual felon, and was sentenced to 116-149 months of imprisonment. On appeal, Petitioner argued that the trial court erred by denying his motion to suppress evidence obtained as a result of an unconstitutional search and seizure, effected in part by an unconstitutional checkpoint. Id. at 313. On October 6, 2009, the North Carolina Court of Appeals issued a published opinion finding no error. Id. at

316. On August 30, 2010, Petitioner filed a Motion for Appropriate Relief ("MAR") (Doc. No. 5-8 at 2), which Judge Alan Thornburg summarily denied on or about September 9, 2010. (Doc. No. 5-9 at 2). In denying Petitioner's MAR, Judge Thornburg found that "the matters raised by the Defendant were raised on appeal or could have been raised on appeal by the Defendant." (Id.). Petitioner then filed a certiorari petition in the North Carolina Court of Appeals. (Doc. No. 5-10 at 2). The State responded to the petition (Doc. No. 5-11 at 2), and on October 14, 2010, the North Carolina Court of Appeals denied the petition for certiorari. (Doc. No. 5-12 at 2).

On October 26, 2010 Petitioner submitted a Petition under 28 U.S.C. § 2254 alleging that (1) the trial court lacked jurisdiction because the indictment omitted one of four essential elements of the crime, i.e., manufacture; (2) the state offered insufficient evidence of all elements of the crime in violation of the Due Process Clause of the Fifth Amendment, and the Fourth and Fourteenth Amendments; (3) the state offered insufficient evidence to prove the officer had probable cause to search Petitioner's vehicle or that reasonably justified a warrantless search in violation of the Fourth, Fifth and Fourteenth Amendments; (4) the state offered insufficient evidence of possession of cocaine with intent to sell and deliver or manufacture in violation of the Due Process Clause of the Fifth Amendment and Fourteenth Amendment; and (5) his conviction was obtained and affirmed due to ineffective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments. (Doc. No. 1).

### III. STANDARD OF REVIEW

#### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law.

Fed. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) sets forth:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006). A claim is considered "adjudicated on the merits" when it was "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). An unreasonable

application is different from an incorrect application of federal law, the former being the requisite showing. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams, 529 U.S. at 410). Therefore, this Court may not issue the writ even if it concludes in its independent review that the state court made an incorrect or erroneous application of the correct federal principles. See Williams, 529 U.S. at 412. In order to grant relief, this Court must establish that the state court ruling was both incorrect and objectively unreasonable. McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). When examining whether a state court's judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2) (2006), a reviewing court must be mindful that a "determination of a factual issue made by a State court shall be presumed to be correct" unless a petitioner rebuts this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006).

This standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000). A habeas petitioner bears the burden of establishing his claim. Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

In contrast, if a petitioner has properly presented a claim to the state court, but the state court has not adjudicated the claim on the merits, a federal court reviews questions of law and mixed questions of law and fact de novo. Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

## IV. ANALYSIS

### A. Jurisdiction

Petitioner first argues that the trial court lacked jurisdiction because the indictment omitted manufacture, one of the four essential elements of the crime. Petitioner raised the substance of this claim in his MAR. (Doc. No.5-8). Judge Thornburg summarily denied Petitioner's MAR on grounds of procedural bar stating, in pertinent part:

> THIS CAUSE coming to be heard before the undersigned Judge upon Motion for Appropriate Relief filed by the Defendant and the Court having read the Motion and examined the file shows that the matters raised by the Defendant were raised on appeal or could have been raised on appeal by the Defendant. IT IS THEREFORE, ORDERED that Defendant's motion for appropriate relief is DENIED.

(Doc. No. 5-9 at 2). Judge Thornburg's Order constitutes an invocation of North Carolina's mandatory post-conviction procedural bar for claims that could have been, but were not, raised on direct appeal. See N.C. Gen. Stat. § 15A-1419(a)(1) & (b) (2010) (claim shall be denied when defendant was in adequate position to have raised it in prior appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., actual innocence); see also Rose v. Lee, 252 F.3d 676, 685 n.5 (4th Cir. 2001) (North Carolina's post-conviction procedural bar statute of section 15A-1419 is now mandatory), cert denied, 534 U.S. 941 (2001). In general, "a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent procedural rule." Burkett v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000). The Fourth Circuit has repeatedly held that section 15A-1419(a)(1) and (a)(3) are independent and adequate state procedural bars. See Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010); Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008), cert denied, 129 S.Ct. 162 (2008) (citations omitted). A federal habeas court "does

6

not have license to question a state court's finding of procedural default" or to question "whether the state court properly applied its own law." Barnes v. Thompson, 58 F.3d 971, 974 n.2 (4th Cir. 1995).

As cause for his failure to raise this issue on appeal, Petitioner argues that he was "without adequate consultation from counsel or adequate resources to have been made aware of the possibilities of the issue." (Doc. No. 8 at 2). However, the case Petitioner cites in favor of this argument supports the proposition that in the absence of a direct instruction to file an appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends on whether counsel consulted with the defendant about an appeal. Hudson v. Hunt, 235 F.3d 892, 896 (4th Cir. 2000). This case is inapplicable because Petitioner had a direct appeal. To the extent Petitioner is attempting to argue that his counsel was ineffective for failing to raise this issue on appeal, and that constitutes cause and prejudice to overcome his procedural default, such a claim must fail. When using ineffective assistance of counsel to excuse procedural default of another independent claim, counsel must have been so wholly deficient as to violate Petitioner's Sixth Amendment right. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986), abrogated by Sawyer v. Whitley, 505 U.S. 333 (1992)). Thus, Petitioner must show that by failing to challenge this issue, counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court has explained that while ineffective assistance of counsel may establish cause for a procedural default, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486. Petitioner's blanket conclusory assertion, that

7

his claim was not raised on appeal because his counsel did not consult with him about this issue, falls short of establishing "cause" for his procedural default. Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal. Therefore, Petitioner has defaulted this claim barring collateral review.[1]

**B.      Insufficient Evidence**

Petitioner contends that the state offered insufficient evidence of all of the elements of the crime in violation of the Due Process Clause of the Fifth Amendment, and of the Fourth and Fourteenth Amendment. Petitioner raised the substance of this claim in his MAR, which was denied on grounds of procedural bar. Therefore, as explained in the preceding section, Petitioner's claim is procedurally barred.

To the extent such claim is not considered procedurally barred, the claim is without merit. The standard of review on federal habeas corpus of a claim regarding insufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). See Wright v. West, 505 U.S. 277 (1992);. The Supreme Court has held that any claim of insufficient evidence is necessarily a federal due process claim. Jackson, 443 U.S. at 321. In reviewing the facts as determined by the North Carolina Court of Appeals and set forth in this Order, Officer Biddix legitimately approached

---

[1] To the extent that such claim is not procedurally barred, it is also without merit. The Court has reviewed the state court indictment (Doc. No. 1 at 19) and concludes that it was sufficient to give Petitioner adequate notice of the charge against him in order to prepare a defense. See Stroud v. Polk, 466 F.3d 291, 296 (4th Cir. 2006) (upholding North Carolina's short form murder indictment as constitutionally adequate even though it did not list all essential elements of offense), cert. denied, 551 U.S. 1134 (2007). Further, alleged errors in state court indictments do not warrant federal habeas relief unless they rendered the entire state court proceeding fundamentally unfair. See Asheford v. Edwards, 780 F.2d 405 (4th Cir. 1985).

Petitioner's car and detected the plain smell of marijuana, which provided sufficient probable cause to support the search. During the search, officers found $600 in cash on Petitioner, several "baggies" with white residue in the console and a bag of crack cocaine inside the pocket of a coat found on the front passenger seat of the car. Such evidence is sufficient to allow a rational jury to conclude that Petitioner knowingly possessed cocaine with the intent to manufacture, sell or deliver. See N.C. Gen. Stat. § 90-95(a)(1) & (2) (2010).

To the extent that Petitioner is attempting to raise a Fourth Amendment claim, such claim is not cognizable on federal habeas review because Petitioner received a full and fair opportunity to raise and litigate any Fourth Amendment claim he wished to raise at trial and on direct appeal. Stone v. Powell, 428 U.S. 465 (1976) (federal habeas review not available for Fourth Amendment claims where petitioner afforded opportunity for full and fair litigation of claim in state court); see (Doc. Nos. 5-4 at 1-48, 5-6 and 5-2: Suppression Hearing Transcript, Petitioner's Appellate Brief, and Court of Appeals' opinion).

Petitioner next argues that the state offered insufficient evidence to prove the officer had probable cause to search his vehicle or that reasonably justified a warrantless search in violation of the Fourth, Fifth, and Fourteenth Amendments. This claim appears to be a Fourth Amendment claim couched in terms of sufficiency of the evidence. To the extent that this is a sufficiency of the evidence claim, as discussed above, such claim is procedurally barred and without merit. To the extent Petitioner intended to raise this claim as a Fourth Amendment claim, such claim, as discussed above, is barred by Stone, 428 U.S. 465.

Petitioner also argues that the state offered insufficient evidence of possession of cocaine with intent to sell and deliver or manufacture. As previously stated, such contention is procedurally barred and without merit.

### C. Ineffective Assistance of Appellate Counsel

Petitioner argues that his appellate counsel was ineffective on appeal for failing to raise the trial court's error in failing to grant Petitioner's motion to dismiss on grounds of insufficiency of the evidence.

Ineffective assistance of counsel claims are governed by Strickland, where the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness and that Petitioner was prejudiced thereby – that is, there is a reasonable probability that but for the error, the outcome would have been different. 466 U.S. at 690-94; see also Evitts v. Lucy, 469 U.S. 387 (1985) (ineffective assistance of counsel on appeal). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Moreover, a petitioner bears the burden of proving Strickland prejudice; if a petitioner fails to meet this burden, then a "reviewing court need not consider the performance prong." Fields v. Attorney General of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

Petitioner has not met his burden under Strickland. As discussed above, Petitioner's insufficiency of the evidence claim is without merit. Therefore, appellate counsel could not have been ineffective for failing to raise a meritless claim on appeal. See Sharpe v. Bell, 593 F.3d 373, 383 (4th Cir. 2010) ("Counsel is not required to engage in the filing of futile motions.").

### V. ORDER

**IT IS, THEREFORE, ORDERED that:**

(1) Respondent's Motion for Summary Judgment (Doc. No. 4) is **GRANTED**;

(2) Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc.

No. 1) is **DENIED** and **DISMISSED**; and

(3)　Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: August 2, 2011

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge